Robertson, J.
It appears from the affidavits that the initial of the first name of the drawer of the draft sued upon was W., and not R. W., as stated in the complaint; and this appears to be the only ground of defense, as the answer contains only a general denial. This variance I consider immaterial, under the 169th section of the Code. It could not have misled the defendant, who knew well enough on what the action was brought. The plaintiffs would have been entitled to judgment on the trial, upon production of the original draft, if there were no other defense.
But the drafts appear to be actually signed R. W. Newman, whatever the drawer’s real name was, and the defendant accepted the drafts so signed. He is, therefore, thereby estopped from denying the name, even if fictitious or forged.
The only question is, whether the answer, when verified, and confined to a denial of the allegations in the complaint, can be struck out as sham. The following cases disregard the verification: (Manuf. Bank of Rochester v. Hitchcock, 14 How, 406 ; People v. McCumber, 18 N. Y. R., 315 ; S. C., 15 How., 186 ; Walker v. Hewett, 11 Id., 399.) The following permit a denial to be disproved: (Seeley. v. Engell, 17 Barb., 530 ; White v. Bennett, 7 How., 59 ; Manuf. Bank of Rochester v. Hitchcock, ubi. sup.) In the case of Miln v. Vose, et al., (4 Sandf, 660,) the answer set up a new defense, which was sworn to, and the contradictory affidavit was only on information and belief.
The motion to strike out the answer as sham, and for judgment, must be granted with ten dollars costs.