By the Court—Bosworth, Ch. J.
All the allegations of the complaint which are controverted by the answer, are proved to be true, by persons competent to know whether such facts are true or not, and duly authenticated copies of the acts of incorporation are also produced. The defendant, in his opposing affidavit, does not state that he believes or has any reason to believe, that the moving affidavits are untrue in any particular. He still deposes that he has no knowledge or information sufficient to enable him to form a belief whether these controverted allegations “ are true or false.” This refers in part to the fact of the plaintiff’s incorporation, and the evidence of *673 that, produced on the motion, is sufficient to prove the fact on the trial. Thomas Wasson, one of the firm of T. W. Wasson & Co., swears that the plaintiffs discounted the notes for his firm, before their maturity. The cashier of the bank swears to the same fact, and that the bank paid the face of the notes to T. W. Wasson & Co., on the security thereof. Within the case of The People v. McCumber, (18 N. Y. R., 315,) all those parts of the answer which merely controvert allegations of the complaint, are sham. The answer admits the making of the notes, due demand of payment, notice thereof to the indorsers, and of the fail- . ure of the maker to pay.
The only other parts of the answer, are those which purport to be 61 a further answer” to each of the three causes of action, stated in the complaint; each of these is in the same form, Being parts of the answer setting up new matter, they severally admit all the allegations of the complaint which they do not controvert.
The separate defense to the first cause of action may therefore be examined, and if that is sham, then are the “ further answers ” to the 2d and 3d causes of action.
It controverts no allegation of the complaint, except that “ the note came to the hands of the plaintiffs for value, before maturity.” It is proved by the oaths of two persons that it did, and the defendant says he is unable to form a belief whether this is true or false.
The new matter is, that the note was made to accommodate W. H. Williams, “ and upon the understanding that Wasson & Co. had delivered certain railroad cars in the City of Brooklyn, %to said Williams, for the account of the Coney Island & Brooklyn Bailroad Company; that, as deponent is informed and believes, the cars were never delivered, and the consideration of said note totally fails.”
Proof that he was informed the cars were never delivered, and believed such to be the fact, is not very material. That would not affect the plaintiffs’ right to recover.
He does not allege that the notes were made to be used in paying for any such cars, or that it was so represented *674 to him, when he made them. The answer, therefore, does not show a case of misappropriation, admitting all of its statements to be true. He says he made them “ upon the understanding ” that certain cars had been so delivered. He does not say, in the answer, that Williams so represented, or that he said a word on that subject. There is, therefore, nothing in that answer, admitting its allegations to be true, which tends to show that the" note was not made for the general accommodation of Williams.
And whether it was or not, Wasson swears that it was discounted for his firm, by the plaintiffs, before its maturity, and the plaintiffs’ cashier swears that the plaintiffs advanced to Wasson’s firm the face of the note, on the security of it, Bona fide, without any notice that it was an accommodation note. The defendant does not swear that he has any reason to suppose that he can prove anything tending to show that any of these sworn statements are untrue.
I think the order appealed from is correct, and that it should be affirmed.