Robinson, J.
This suit is brought against defendants (who were John F. Pryor and Joseph R. Benjamin), as acceptors of a draft drawn on them by C. B. Huntingdon, which was discounted by plaintiffs before maturity, in due course of their business, and without notice of any circumstance affecting its validity.
To the ordinary complaint against defendants as acceptors, they answer and say: 1. They have no knowledge or information sufficient to form a belief whether the plaintiffs are a, corporation (as alleged in the complaint), formed under the provisions of the act of Congress of June 3,1864, entitled “An Act to provide a national currency secured by a pledge of United States bonds, and to provide for the circulation and redemption thereof,” and therefore deny the allegation. The plaintiffs produce evidence establishing their existence as a banking corporation, formed under this act of Congress, and defendants, on this motion, and by way of response to the case made by the moving papers, show no ground for question of the fact that plaintiffs are such corporation, within the principle decided in People v. McCumber (18 N. Y., 315), and again in Agawam Bank v. Egerton (10 Bosw., 669); and in the absence of any suggestion of any defect or invalidity in the plaintiff’s act of incorporation, this defense should be stricken out.
Defendants also for a first defense allege, that the *229 drawer, G. B. Huntingdon (who draws the draft as an individual), represented himself to be the treasurer of the Boston and Philadelphia Salt Fish Company, doing business in Philadelphia, with authority to bind that company, for the purpose of defrauding the defendants, when he was not such treasurer,'nor had he any authority to bind that company. That the bill was accepted as a bill drawn by the company, and not by Huntingdon individually. That the plaintiffs had knowledge that the draft could only be drawn by Huntingdon as treasurer of that company, and not as' an individual.
These allegations constitute no defense. They contain no statement of any such fraud as would vitiate the contract. Huntingdon’s individual draft was accepted by the defendants, and they cannot vary or alter the obligation which it expresses by parol testimony of their intention to accept Ms draft as treasurer (Edw. on Promissory Notes, 313). This statement of a defense is frivolous; and within Claflin v. Griffin (8 Bosw., 689), is also sham.
For a statement of a second defense, the answer alleges that the draft was accepted by the defendants for the price of goods to be sold and delivered by the Boston and Philadelphia Fish Company, before it should become due. That they have always been ready and willing to buy and accept such goods from the company, and performed all the conditions on their part, but the company have not sold and delivered such goods to the defendants, although often requested. That except as aforesaid, there never was any consideration for the acceptance; that the draft was indorsed to the plaintiffs, and they always held the same with knowledge of such fact.
This defense asserts the consideration of the draft to be the alleged agreement to sell and deliver them goods at some time before its maturity. The law pre *230 sumes as to negotiable paper, until the contrary appears, that it was given on a good consideration, and that the holder took it before maturity, for value and in the usual course of dealing. The statement in this defense sets up no invalidity in this draft in any of these respects, but merely alleges the failure of the parties to whom it was given to perform their executory agreement to sell and deliver them goods prior to the maturity of the draft.
The issuing of such commercial paper implies the right to its immediate negotation and circulation, and the defense, that it was issued upon such an agreement as is alleged, and that it was taken by a holder for value, with knowledge of such an agreement (although it may be subsequently broken), does not affect or impair his-right to recover the amount of the draft.
The affidavits presented on behalf of the plaintiffs, further show (without contradiction on the part of the defendants, or intimation of their ability to prove the contrary) that plaintiffs became holders for value, and without notice of any of the circumstances under which the draft was given. Under these considerations I regard this defense as sham and' frivolous, and it should be stricken out.
The third statement for defense is merely a denial of any knowledge or information sufficient to form a belief whether or not the draft was duly transferred to plaintiffs, or whether or not they are the bona fide holders thereof. The plaintiffs produce the draft and the affidavits of Huntingdon and of their cashier, affirming that the draft was regularly discounted by plaintiffs before maturity, and there is no intimation on the part of the defendants, of any ground of substantial contest upon this point, or of any impeachment of the plaintiffs’ title.
The first matter of defense alleged by way of denial of knowledge or information, sufficient to form a belief *231 whether or not the plaintiffs are a corporation, should be stricken out as sham, and the first and second statements of defense as frivolous, and the third and last defense as sham and (as a controversion of the allegations in the complaint) false.
There being no other defenses, judgment ought to be given for plaintiffs.